Buchalter
A Professional Corporation
Los Angeles

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELAN, INC. dba MEL-CO, a Maryland corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ADVANCED ORTHOMOLECULAR RESEARCH, INC., a Canadian corporation; ADVANCED ORTHOMOLECULAR RESEARCH, INC., an Indiana corporation; FEELGOOD NATURAL HEALTH, a Canadian corporation; VITASAVE, a Canadian corporation; VITASAVE USA, an entity of unknown origin; and DOES 1-10, inclusive<br><br>Defendants. | CASE NO. 5:18-cv-00482-JGB (SHKx)<br><br>PERMANENT INJUNCTION AND FINAL JUDGMENT ON CONSENT |

On July __, 2018, plaintiff Melan, Inc. dba MeL-Co ("MeL-Co") and defendants Advanced Orthomolecular Research, Inc., a Canadian corporation, and Advanced Orthomolecular Research, Inc., an Indiana corporation, (collectively, "AOR") filed a "Stipulation for Entry of Permanent Injunction and Final Judgment on Consent" (the "Stipulation") in which they advise this Court of their settlement and request that this Court enter a permanent injunction consistent with their settlement.

1

In their Stipulation, the parties indicate their agreement to the following facts:

1. MeL-Co is the owner of the federally registered "REJUVENOX" trademark, United States Patent and Trademark Office ("USPTO") Registration Number 4,138,887, for "Perfluorinated chemical compounds prepared synthetically for use in the manufacture of cosmetics and pharmaceuticals" (the "REJUVENOX Mark");

2. AOR sells certain healthcare products in Canada under the name "RejuveNOx";

3. On March 8, 2018, plaintiff Melan, Inc. dba MeL-Co ("MeL-Co"), filed a Complaint against AOR and other defendants alleging claims for: (1) Federal Trademark Infringement; (2) Federal Unfair Competition and False Advertising; (3) California Common Law Trademark Infringement; (4) California Common Law Unfair Competition; and (5) Unfair Competition (CA Bus. & Prof. Code §§17200, et seq.) related to sales of AOR's RejuveNOx products in the United States;

4. MeL-Co and AOR have reached a settlement of the claims which involves an agreement whereby AOR will not sell their RejuveNOx products, nor allow such RejuveNOx products to be sold, in the United States;

5. Because AOR intends to continue to sell their RejuveNOx products in Canada, the settlement was conditioned upon entry of a permanent injunction to ensure that there are no further sales of the RejuveNOx products in the United States;

6. MeL-Co maintains that due to the similarities between MeL-Co's federally registered REJUVENOX Mark and AOR's "RejuveNOx" mark, any future sales of AOR's "RejuveNOx" products in the United States would cause a likelihood of confusion with MeL-Co's REJUVENOX Mark;

Buchalter
A Professional Corporation
Los Angeles

7. MeL-Co further maintains that any likelihood of confusion between AOR's "RejuveNOx" products and MeL-Co's REJUVENOX Mark would cause irreparable harm to MeL-Co by jeopardizing the goodwill that MeL-Co has developed through its use of that Mark and by associating MeL-Co's very valuable REJUVENOX Mark with products over which MeL-Co has no control and no ability to ensure that the products meet MeL-Co's high quality standards;

8. The public interest is served through the issuance of the requested permanent injunction as it will eliminate a likelihood of confusion in the marketplace that would result if AOR's "RejuveNOx" products continue to be sold in the United States; and

9. AOR stipulates to the issuance of the requested permanent injunction as part of their settlement of the Lawsuit with MeL-Co.

The Court finds that the Parties have presented sufficient facts to support the issuance of a permanent injunction in this case. Accordingly, the Court, based on the Parties' Stipulation, hereby **ORDERS, ADJUDGES, AND DECREES** that:

1. This Court has jurisdiction over the subject matter of the above-captioned lawsuit.

2. This Court has personal jurisdiction over AOR and venue in this action being proper in this judicial district.

3. AOR, and each of them, are permanently enjoined from:

   a. Using the REJUVENOX Mark in connection with AOR's goods, marketing, advertising, promotional materials, or otherwise in connection with AOR's business throughout the United States.

   b. Using confusingly similar variations of the REJUVENOX Mark in the United States that are likely to cause confusion, deception, and/or mistake as to the source, nature, and/or quality of AOR's goods or services.

   c. Advertising, selling, distributing, and/or causing to be distributed any products with the mark "RejuveNOx" throughout the United States.

Permanent Injunction and Final Judgment on Consent

  d. Otherwise infringing the REJUVENOX Mark in the United States.

  e. Falsely designating the origin of AOR's goods, and/or

  f. Causing likelihood of confusion, deception, and/or mistake in the United States as to the source, nature, and/or quality of AOR's goods and services.

4. The Court shall retain jurisdiction over the Parties to determine enforcement of the terms of the Parties' settlement agreement or this Permanent Injunction and Final Judgment on Consent.

5. There being no just reason for delay, the Clerk is directed to enter this Permanent Injunction and Final Judgment on Consent.

**IT IS SO ORDERED**.

Date: July 2, 2018

_____
HON. JESUS G. BERNAL
United States District Judge